**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 15-252 |
| ) | Civil No. 17-1336 |
| ) | Judge Nora Barry Fischer |
| RONDELL EVANS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, ("Motion"), filed by *pro se* Defendant Rondell Evans ("Defendant"), (Docket Nos. 149), his Brief in Support, (Docket No. 150), and the Government's opposition thereto, (Docket No. 163). Defendant maintains that his sentence should be vacated and that he should be resentenced as the Court erroneously assessed criminal history points for a prior youthful offender adjudication under New York law. (Docket Nos. 149; 150). The Government contends that the motion is procedurally defective and otherwise without merit as Defendant was sentenced to 72 months' incarceration pursuant to his Rule 11(c)(1)(C) plea agreement with the Government and the alleged error in computing his criminal history had no bearing the advisory guidelines range in his case, which was 60 months' incarceration due to the mandatory minimum penalty of the offense of conviction. (Docket No. 163). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motion [149] is denied.

### II. BACKGROUND

A federal grand jury returned a three count indictment against Defendant and several other individuals on November 19, 2015 charging him with two counts: (Count One) conspiracy

1

to distribute and possess with intent to distribute 28 grams or more of crack cocaine, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and in violation of 21 U.S.C. § 846, from January 2015 through November 2015; and (Count Two) possession with intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), on or about November 2, 2015. (Docket No. 1). The potential penalties for such offense included a mandatory minimum penalty of five years' incarceration and up to a term of forty years' incarceration. *See* 18 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii). There was no pretrial litigation in this case, with the only motion being filed a request by the defense for a Pre-Plea Presentence Investigation Report, which was produced and provided to the parties without any objections being lodged to same. (*See* Docket Nos. 64; 67).

On April 20, 2016, Defendant appeared before the Court and pled guilty to Count One of the Indictment pursuant to a plea agreement with the Government wherein the parties stipulated that the appropriate sentence in this case includes: a term of imprisonment of six years (or 72 months), a term of supervised release of 4 years, a special assessment of $100 and any fine to be determined by the Court. (*See* Docket Nos. 81; 82; 163-1 (*Plea Letter dated 4/4/16*)). As is the Court's practice, it conducted an extensive colloquy with Defendant to confirm that he was competent, understood the Constitutional and other rights that he was waiving by entering a guilty plea, and that he was knowingly and voluntarily pleading guilty to Count One. (*See* Docket No. 156 at 4-7). The Court then addressed the terms of the plea agreement directly with Defendant, who assented, under oath, that: he had discussed all relevant matters pertaining to the plea agreement with his counsel; to the extent that he had not consulted with his counsel on a particular point, he was provided the opportunity to do so at the hearing; and, he was knowingly and voluntarily accepting the terms of the plea agreement and the waivers contained therein,

including waiving his right to appeal the judgment and sentence to the Court of Appeals. (Docket No. 156 at 19-23). The Court deferred acceptance of the parties' plea agreement until reviewing the Presentence Investigation Report, ("PIR"). (*Id.* at 24). Although the prior youthful offender adjudication was not specifically brought up during the hearing, at the Court's request, the prosecutor stated that he believed the advisory guidelines range in the case was 46 to 57 months' incarceration to which defense counsel responded "[w]hat [the prosecutor] says is what Mr. Evans and I had gone over based upon what was known to us for prior record score and the offense level we are dealing with here." (*Id.* at 34-5). Defendant asserted to the Court that he understood that the Court was not bound by any sentencing recommendations, that he could be sentenced up to the maximum penalty permitted by statute, and acknowledged that he was subject to a mandatory minimum penalty of 5 years and up to 40 years' incarceration. (*Id.* at 29, 35). After confirming that Defendant was fully informed of the charges, the potential penalties for same, and the rights that he was waiving, the Court accepted his guilty plea to Count One. (*See id.*).

The Probation Office included three criminal history points for the youthful offender adjudication as part of its computations of Defendant's criminal history score, which resulted in a total criminal history score of six and criminal history category of III. (PIR at ¶ 27). With respect to the advisory guidelines range, the PIR clearly states that:

> **Guideline Provisions:** Based upon a total offense level of 21 and a criminal history category of III, the guideline imprisonment range is 46 months to 57 months. However, the statutorily required minimum sentence of 5 years is greater than the maximum of the applicable guideline range; the guideline term of imprisonment is 60 months. USSG §5G1.1(b).

(PIR at ¶ 46). No objections were raised challenging the Probation Office's computations of the advisory guidelines, or to any other aspect of the PIR, and the Court set forth the same

3

computations in its Tentative Findings and Rulings issued on August 8, 2016. (Docket No. 114).

At sentencing, no objections were lodged to the PIR or the Tentative Findings and Rulings, which were adopted as the Court's final rulings on the advisory guidelines range. (Docket No. 148 at 6-7). The Court also stated that the advisory guidelines range was 60 months because of the mandatory minimum penalty but that the parties had agreed to a sentence of 72 months' incarceration per the plea agreement. (*Id.* at 7). Both parties advocated that the Court accept their plea agreement and impose the agreed upon sentence. (*Id.* at 8-9). During the proceedings, Defendant objected to the assertion that he was on parole during the offense conduct and, after much discussion between he, counsel, the Court and the Probation Officer, it was explained to him that he pled guilty to a conspiracy count which spanned the time frame including when he was on parole in July of 2015. (*Id.* at 13-15). The Court asked Defendant if he understood to which he responded, "Yeah, it's cool." (*Id.* at 15). After careful consideration of the § 3553(a) factors, and for reasons detailed on the record, the Court accepted the parties' plea agreement and imposed their agreed-upon sentence of 72 months' incarceration; 4 years' supervised release; and $100 special assessment. A fine was waived given Defendant's inability to pay and the Court dismissed Count 2 upon an oral motion by the Government. All told, the record reveals that at no time prior to the imposition of sentence did Defendant raise any objection to the assessment of criminal history points for the youthful offender adjudication.

Defendant did not appeal his conviction or sentence to the Court of Appeals. (*See generally* Docket Report 15-252). In January and March of 2017, Defendant filed two motions seeking free copies of transcripts of the change-of-plea and sentencing hearings for the purposes of pursuing a motion under 28 U.S.C. § 2255. Both motions were denied because Defendant failed to demonstrate an entitlement to free transcripts pursuant to 28 U.S.C. § 753(f) and

applicable precedent. (Docket Nos. 140; 146). In the initial Order entered on January 5, 2017, the Court noted that Defendant had failed to articulate any basis upon which a potential motion under § 2255 would rely. (Docket No. 140). The Court stated in the Order entered on March 17, 2017 that Defendant claimed that he was entitled to free transcripts to pursue a claim that his counsel was ineffective for failing to file a notice of appeal upon his direction. (Docket No. 146). The Court once again rejected such arguments, holding that Defendant had knowingly and voluntarily: pled guilty to Count One; agreed to a sentence of 72 months' incarceration pursuant to Rule 11(c)(1)(C) which was above the advisory guidelines range of 60 months' incarceration, i.e., the mandatory minimum sentence, pursuant to his plea agreement with the Government; and, waived his appellate rights. (*Id.*). The Court further noted that it is not ineffective assistance for his counsel to not file an appeal which would have constituted a material breach of the plea agreement. (*Id.* at 3 (quoting *United States v. Isabella*, No. CIV. 15-76, 2015 WL 6134082, at *11 (W.D. Pa. Oct. 16, 2015), *which cited, United States v. Erwin*, 765 F.3d 219 (3d Cir. 2014) ("Indeed, the Court of Appeals has recognized that filing an appeal in a case with a clear appellate waiver may constitute a breach of the plea agreement which potentially subjects the defendant to a de novo resentencing under less favorable terms.")).

On October 17, 2017, Defendant filed his § 2255 Motion and Brief in Support. (Docket No. 149; 150). Defendant's submissions are all dated July 24, 2017 and he claims that he had placed such materials in the prison mail around that time but they were not delivered for some unknown reason. (*Id.*). The Court advised Defendant of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and he requested an opportunity to amend his § 2255 Motion, which the Court granted, setting a deadline of March 14, 2018 for Defendant to submit an amendment. (Docket Nos. 151; 154; 155). No such amendments were filed and, on March 29, 2018, the

Court ordered the Government to respond. (Docket No. 162). The Government timely filed its response in opposition on April 13, 2018. (Docket No. 163). No further briefing has been requested and the Court considers the matter to be fully briefed and ripe for disposition.

III. LEGAL STANDARD

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A motion under § 2255 is a collateral challenge that is viewed less favorably than a direct appeal and "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)) (further quotations omitted). Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL

6

275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

    IV.    DISCUSSION

Defendant argues that his federal sentence must be vacated and that he should be resentenced on two grounds: first, that he was improperly assessed three criminal history points for the youthful offender adjudication under New York law; and second, that he was provided ineffective assistance of counsel in the New York matter because he was allegedly innocent of the charges but entered a guilty plea based on assurances from his counsel that his record would be expunged. (Docket Nos. 149; 150). In response, the Government maintains that the motion must be denied for several reasons: first, Defendant procedurally defaulted on such claim as he did not file a direct appeal raising such issue as to his criminal history; second, that the asserted guidelines error was waived via his guilty plea and plea agreement whereby he stipulated to the sentence of 72 months' incarceration and 4 years' supervised release; third, that the asserted guidelines error had no actual bearing on the guidelines in that the range computed with or without the challenged criminal history points remains 60 months' incarceration due to the mandatory minimum penalty; and fourth, that his claim challenging the alleged ineffectiveness of his New York counsel is not cognizable in a federal § 2255 petition challenging the federal sentence. (Docket No. 163).

Having considered the parties' arguments, in light of the evidence of record, including the parties' plea agreement and the transcripts of the change-of-plea and sentencing hearing, it is this Court's opinion that Defendant's motion is without merit and must be denied without a hearing. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008). In reaching this decision, the Court need not address the Government's position that Defendant's claims are procedurally

defaulted due to his failure to raise such matters on direct appeal. Rather, as the Court has already held, the record clearly reveals that Defendant knowingly and voluntarily pled guilty to Count One and accepted the terms of the plea agreement, including the specific sentence of 72 months' incarceration. (*See* Docket No. 146 at 3).[1] In addition, the challenged criminal history points for the youthful offender adjudication had no bearing on the advisory guidelines range, which was fixed at the statutory mandatory minimum penalty of 60 months' incarceration and above the otherwise applicable advisory guidelines range of 46-57 months' incarceration and any lesser range computed without the 3 criminal history points. *Cf. United States v. Brinson*, Crim. No. 15-87, 2016 WL 7035061, at *2 (W.D. Pa. Dec. 2, 2016) (denying motion to vacate as Defendant knowingly and voluntarily pled guilty to 120 months' incarceration pursuant to Rule 11(c)(1)(C) agreement which was also the mandatory minimum penalty for the offense). Hence, even if Defendant was correct that the criminal history points were improperly assessed,[2] the same had no bearing on the sentence imposed in this case, which, again, he expressly agreed to in his plea agreement with the Government. Accordingly, his § 2255 motion must be denied to the extent he seeks to have his sentence vacated based upon the asserted guidelines error.

Broadly construed, Defendant's submissions also seek to challenge his federal sentence

---

[1] As noted above, the Court denied Defendant's second motion for free transcripts of the proceeding, holding that:
> Defendant was also not prejudiced by his counsel's failure to file a notice of appeal because he knowingly and voluntarily pled guilty to one count of conspiracy to distribute and possess with intent to distribute 28 grams or more of crack cocaine, an offense that carries a mandatory minimum penalty of 60 months' incarceration and also stipulated with the Government in his Rule 11(c)(1)(C) plea agreement that a sentence of 72 months' (or 6 years') incarceration should be imposed in his case.

(Docket No. 146 at 3).

[2] With that said, the Court also concurs with the Government that the criminal history points were properly assessed based upon binding precedent from the U.S. Court of Appeals for the Third Circuit. *See e.g., United States v. Wallace*, 663 F.3d 177, 181 (3d Cir. 2011) (internal quotation omitted) ("Our analysis is straightforward because although New York's youthful offender statute vacates and replaces a prior conviction, the juvenile eligible for such an adjudication must first be 'convicted as an adult.' Thus it is clear that under New York law that Wallace's conviction was an adult conviction, regardless of the subsequent youthful offender adjudication. For that reason it was proper for the District Court to consider the conviction in determining Wallace's career offender status.").

due to the alleged ineffectiveness of his counsel in the state proceedings resulting in the youthful offender adjudication. (*See* Docket No. 149-1). But, the Supreme Court has held that generally "a defendant in a federal sentencing proceeding may [not] collaterally attack the validity of previous state convictions that are used to enhance his sentence," *Custis v. United States*, 511 U.S. 485, 487, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), absent narrow exceptions which are not present here. *See e.g., United States v. Napolitan*, 830 F.3d 161 (3d Cir. 2016) ("an appellant may not collaterally attack a state court sentence as part of a federal sentencing challenge unless (1) he claims a *Gideon* violation, or (2) the relevant federal statute or sentencing guideline expressly authorizes a collateral attack."). Additionally, for the reasons already expressed above, the alleged ineffectiveness by state court counsel in providing erroneous advice concerning the youthful offender adjudication did not have any effect on the federal sentence imposed pursuant to the parties' plea agreement. Therefore, Defendant's motion must also be denied to the extent that he claims that such ineffectiveness of counsel in the state proceedings affords him relief.

Overall, the Court finds that there is no basis in law or fact justifying the extraordinary relief to set aside Defendant's valid federal sentence under § 2255. *See Travillion*, 759 F.3d at 288. Accordingly, his Motion is denied.

V. CONCLUSION

Based on the foregoing, Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is denied, with prejudice. The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

9

Dated: June 29, 2018

cc/ecf: All counsel of record
       Rondell Evans (USMS #24957055)
       FCI Berlin
       P.O. Box 9000
       Berlin, NH 03570