**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Criminal No. 15-252 |
| | ) | Judge Nora Barry Fischer |
| RONDELL EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court are Defendant Rondell Evans' pro se Motion for Compassionate Release, (Docket No. 168), his counseled Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), (Docket No. 179), the Government's Response in opposition, (Docket No. 181), Defendant's Reply, (Docket No. 185), and, the Government's Sur-Reply, (Docket No. 187). The parties have also supplied the Court with relevant evidence including prison records; medical records; and, supporting character letters. (Docket Nos. 168; 179; 181; 185; 187). Defendant seeks to reduce the 72-month sentence imposed by this Court to time served based on his hypertension condition, as well as the risks posed by the COVID-19 pandemic to inmates at FCI Berlin. (Docket Nos. 168; 179; 185). The Government counters that compassionate release is not warranted because: Defendant's medical records do not support a conclusion that he is at high risk for severe symptoms if he contracts COVID-19 nor is he unable to provide self-care within the correctional environment during the pandemic; and, the § 3553(a) factors otherwise do not justify a reduction in his sentence due to his criminal conduct and multiple disciplinary infractions while incarcerated. (Docket Nos. 181; 187). After careful consideration of the parties' positions and for the following reasons, Defendant's Motions [168] and [179] is denied, as the Court declines to exercise its discretion to reduce his sentence at this time.

The Court initially turns to the prevailing legal standard.  "[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582.  *See United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020).  Pursuant to that provision, a court may modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

> In addition, the reviewing court must consider: (1) whether the defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*United States v. Burrus,* Crim. No. 19-284, 2020 WL 3799753, at *4 (W.D. Pa. Jul. 7, 2020) (citing *Graves*, Crim. No. 17-318, Docket No. 28 (W.D. Pa. Jun. 10, 2020) (Hornak, J.) and 18 U.S.C. § 3582(c)(1)(A)(i)).

At the outset, the Government does not contest that Defendant has sufficiently exhausted administrative remedies as he made a request to the Warden at FCI Berlin which was denied. (Docket No. 181 at 5).  However, the Government opposes the remaining factors and his request for compassionate release.  (Docket Nos. 181; 187).  Hence, it is Defendant's burden to show: "extraordinary and compelling reasons" justifying such reduction, 18 U.S.C. § 3582(c)(1)(A)(i); that the section 3553(a) factors support the requested reduction; and "whether such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Burrus*, 2020 WL 3799753, at *4 (citation omitted). In addition, under the relevant policy statement in the

Guidelines, the Court is to consider whether the defendant is a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13(2).

In this Court's estimation, Defendant has not sufficiently demonstrated that the Court should exercise its discretion to grant him compassionate release based on his hypertension diagnosis, which appears to be controlled with adequate treatment and prescribed medications, the general risks posed by the COVID-19 pandemic and the spread of COVID-19 at the institution where he is housed.   The Court of Appeals has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *cf. United States v. Roeder*, 807 F. App'x 157, 161 (3d Cir. 2020) ("the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit.").  The BOP is currently reporting 1 positive COVID-19 case among the inmate population at FCI Berlin, no deaths and 9 inmate recoveries.  *See* https://www.bop.gov/coronavirus/ (last visited 12/18/2020).  The records provided by the parties further reveal that there were no COVID-19 cases among inmates at FCI Berlin until mid-October, 2020, such that mitigation measures employed by the prison, including mandatory testing of inmates, quarantines, and other protocols, contained further spread of the virus at that time.  (*See* Docket No. 185-1).  In any event, the Court has not been presented with any evidence that Defendant has tested positive or exhibited any symptoms consistent with COVID-19.

Next, neither Defendant's age of 27 nor his hypertension condition are listed by the CDC as presenting a severe risk of complications from COVID-19.  *See e.g., United States v. Solomon,*

No. CR 05-350, 2020 WL 5231326, at *5, n.5 (W.D. Pa. Sept. 2, 2020) ("The CDC has stated that individuals with moderate to severe asthma or hypertension 'might be at an increased risk for severe illness from COVID-19.'").  As the Government points out, Defendant's medical records demonstrate that he has been prescribed Lisinopril to treat his hypertension and he does not have any other medical conditions.  (Docket No. 181 at 8-9).  Indeed, he told the Probation Officer that he was "healthy" during the presentence process.  (PIR at ¶ 38).  All told, Defendant is not entitled to compassionate release because he has failed to show that he "suffers from a terminal illness or an ailment, which, coupled with the potential spread of COVID-19, would make [him] unable to provide self-care in a correctional environment." *United States v. Wallace*, Crim. No. 19-49, Civ. No. 20-637, 2020 WL 4003663, at *4 (W.D. Pa. Jul. 15, 2020) (citing *United States v. Hammond*, Crim. No. 18-184, 2020 WL 2126783, at *4 (W.D. Pa. May 5, 2020)).

Even if Defendant had met his burden to show extraordinary and compelling reasons for release, the risks presented by his medical conditions and the COVID-19 pandemic do not outweigh the other § 3553(a) factors supporting the 72-month term of incarceration in his case, of which he has served approximately 60 months to this point, with a projected release date of September 14, 2021.  *See Pawlowski*, 967 F.3d at 330 ("we cannot conclude that the District Court acted unreasonably in determining that the substantial sentencing reduction required for granting compassionate release here—a reduction from 15 years to less than two years—would be inconsistent with the § 3553(a) factors.").  The Court has once again carefully considered all of the § 3553(a) factors and finds that Defendant's "history and characteristics" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct," do not justify a sentence reduction here.  18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(B).

To that end, Defendant was sentenced to a term of 72 months' incarceration pursuant to the parties' Rule 11(c)(1)(C) plea agreement, which the Court accepted at the sentencing hearing. Neither party appealed the length of the sentence and the Court believes that such sentence remains sufficient, but not greater than necessary to meet all of the goals of sentencing in this case. *See* 18 U.S.C. § 3553(a)(1). The 72-month sentence accounts for the gravity of the offense conduct and his criminal history, as Defendant: pled guilty to conspiracy to possess with intent to distribute 28 grams or more of crack cocaine; was intercepted on wire tap communicating drug dealing activities for several months in 2015; was arrested returning from a resupply trip in Buffalo in possession of a 112 grams of crack cocaine while traveling with codefendant Jada Davis and their infant child; and, despite his young age, had a significant criminal history including committing two robberies with firearms for which he was sentenced to 16 months' to 4 years' imprisonment. (PIR at ¶¶ 7-12). It was also troubling to the Court that Defendant, a Buffalo native, with no apparent ties to this District, was involved with such distribution in New Castle, Pennsylvania. (*See* PIR).

To his credit, Defendant acknowledged the wrongfulness of his conduct by pleading guilty and has maintained family ties and completed programs in prison to better himself, all of which will assist him in reintegrating into society upon his release. (*See* Docket Nos. 168; 179; 185). However, some of these efforts have been undermined by his behavior in prison, as is reflected in his disciplinary record, including his commission of three assaults on other inmates, one of which on February 28, 2020 involved him using a plastic chair to strike another inmate. (Docket No. 181). It appears that Defendant has lost good time credits due to his poor behavior, with the BOP inmate locator now reporting that his projected release date is September 14, 2021. (*See* Docket No. 181-2 (prior computation of 03/27/20 reporting release date with all good time credits of 5/2/21)). Overall, the Court finds that there remains a need to deter Defendant from committing

5

additional crimes because prior sentences of incarceration were insufficient to dissuade him from engaging in crack cocaine distribution – which poses a significant threat to the community. *See* 18 U.S.C. § 3553(a)(2); *see also* 18 U.S.C. § 3142(g). Similarly, his continued behavioral problems and assaultive conduct within the correctional institution show that further correctional treatment is necessary. *See id.* Finally, the 72-month sentence provides general deterrence to others and also promotes respect for the law while the substantial sentence reduction requested by the defense "would be inconsistent with the section 3553(a) factors." *Pawlowski*, 967 F.3d at 330.

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's Motions seeking compassionate release [168] and [179] are DENIED.

<u>*s/Nora Barry Fischer*</u>
Nora Barry Fischer
Senior U.S. District

Date:   December 18, 2020

cc/ecf: All counsel of record.